IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 28 2008
J. T. NOBLIN, CLERK
BY_____ DEPUTY

E. A. RENFROE & COMPANY, INC.                    PLAINTIFF

                                                 3:08mc2 LRA
VERSUS                                           CASE NO: 2:06-CV-1752-WMA

CORI RIGSBY MORAN AND KERRI RIGSBY               DEFENDANTS

## MOTION FOR A PROTECTIVE ORDER

COMES NOW the witness, Derek Wyatt, by and through counsel, and pursuant to Rules 26( c) and Rule 45 ( c)(1)(3)(A)(i)(iv) moves the Court to issue a protective order, directing that the deposition set by the attached subpoena, exhibit "A", not be held as required by the subpoena, and in support thereof would show:

I.

The movant is an attorney licensed by the State of Mississippi and practicing law in Jackson, Mississippi in the law firm of Nutt and McAlister. He is actively engaged in multiple lawsuits against the State Farm Insurance Company in the State of Mississippi and elsewhere.

II.

The aforestyled case is pending in the U. S. District Court for the Northern District of Alabama. However, Mr. Wyatt is not involved with the litigation in which he has been subpoenaed to a deposition, nor has he ever been involved in that case.

III.

Counsel for Renfroe issued the subpoena without clearing the date with Mr.

Page 1 of 3

Wyatt (the deponent), his lawyer, or any of the lawyers of record for the defendants. The subpoena was simply launched into the void days before the April 15, 2008 discovery deadline, in cavalier disregard for the schedules of the many lawyers involved, to include the witness Derek Wyatt.

### IV.

Mr. Wyatt has had a pre-existing litigation commitment which would make his attendance at an April 10th deposition impossible. Specifically, on Friday, April 11, 2008, he is scheduled to take a deposition in Florence, Alabama, in the *Shows v. State Farm* case. He must prepare for the April 11th deposition and travel over the preceding two days, April 9th and 10th.

### V.

Moreover, counsel for Mr. Wyatt will not be available on April 10th. Counsel has had a long standing out of state trip scheduled commencing on or about Friday, March 28, 2008, and will not return to the State of Mississippi until Monday, April 14, 2008. Had counsel for Renfroe consulted with Mr. Wyatt's office as a general courtesy to a lawyer known to be an active litigator, Mr. Wyatt's conflicts could easily have been determined, and the identity of Mr. Wyatt's counsel in Gulfport could have been determined as well. It is unknown whether defense counsel are available on such short notice.

### VI.

In addition to the calendar conflicts, the deposition is vexatious. Dispositve

motions are already pending, to be decided shortly, and if either motion is granted there could be no legitmate purpose served by deposing a lawyer witness whose identity has been known to the plaintiff since the outset of litigation.

### VII.

Counsel for the movant certifies to the Court that a good faith effort to resolve the dispute was made prior to this motion being filed.

WHEREFORE, PREMISES CONSIDERED, Mr. Wyatt moves the Court to issue a protective order directing that the deposition not go forward on April 10th.

Respectfully submitted this the 26th day of March, 2008.

DEREK WYATT

BY: _____
CHESTER D. NICHOLSON

### CERTIFICATE OF SERVICE

I, CHESTER D. NICHOLSON, do hereby certify that I have mailed, postage prepaid, a true and correct copy of the above and foregoing *Motion for Protective Order* to Barbara Ellis Stanley, Esquire of Helms & Greene, LLC., at her mailing address of 1021 Main Street, #1290, Houston, Texas 77002.

This the 26th day of March, 2008.

_____
Chester D. Nicholson

%AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN     DISTRICT OF     MISSISSIPPI-JACKSON DIVISION

E.A. RENFROE & COMPANY, INC.

V.

CORI RIGSBY MORAN AND KERRI RIGSBY

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ 2:06-CV-1752-WMA

TO: Derek Wyatt
Nutt & McAlister
605 Crescent Blvd. #200
Ridgeland, Mississippi 39157

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of Louis H. Watson Jr., P.A., 620 East Capitol Street, Jackson, Mississippi 39201 (at specied time and date unless otherwise agreed by counsel) | 4/10/2008 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Barbara Ellis Stanley | 3-13-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Barbara Ellis Stanley, Attorney for Plaintiff E.A. Renfroe & Company, Helms & Greene, LLC, 1021 Main St., #1290, Houston, Texas 77002

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.



EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                 DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).